UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RICHARD WILLIAMS, | ) | |
|---|---|---|
| | ) | Case No. 3:24-cv-235 |
| *Petitioner*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge McCook |
| BRIAN ELLER, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state prisoner, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254 from his 2017 Knox County, Tennessee criminal convictions [Doc. 1]. Now before the Court is Respondent's motion to dismiss the petition as time-barred [Doc. 9], in support of which he filed a memorandum [Doc. 10] and the state court record [Doc. 8]. Petitioner filed a response in opposition to this motion [Doc. 11]. For the reasons set forth below, Respondent's motion to dismiss the petition [Doc. 9] will be **GRANTED**, and this action will be **DISMISSED**.

**I.     STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides in relevant part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)     the date on which the judgment became final by the conclusion of direct review . . . . or
>
> * * *

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## II. ANALYSIS

After Petitioner repeatedly shot an individual named Larry North while Mr. North's minor nephew was with him, a jury convicted Petitioner of two counts of attempted first degree murder (which the trial court merged together), one count of attempted first degree murder where the victim suffered a serious bodily injury, and two counts of employing a firearm during a dangerous felony [Doc. 8-1 at 37]. *State v. Williams*, No. E2018-01460-CCA-R3-CD, 2019 WL 4058691, at *1–5 (Tenn. Crim. Ct. App. Aug. 28, 2019), *perm. app. denied* (Tenn. Jan. 15, 2020).

Petitioner filed a direct appeal challenging the sufficiency of the evidence to support his convictions [Doc. 8-12]. The TCCA affirmed the convictions, and the Tennessee Supreme Court ("TSC") denied review. *Id.* For AEDPA purposes, Petitioner's convictions became final on April 16, 2020, the day on which Petitioner's time to file a petition for a writ of certiorari with the United States Supreme Court regarding his direct appeal expired. *Clay v. United States*, 537 U.S. 522, 524 (2003) (holding that, if no petition for certiorari is filed, the judgment becomes final upon expiration of the ninety-day period for seeking certiorari review in the Supreme Court).

The AEDPA statute of limitations then expired on April 17, 2021, as Petitioner did not file any other state or federal action collaterally attacking his convictions in the year after his convictions became final. While Petitioner later filed a petition for post-conviction relief attacking his convictions on June 25, 2021[Doc. 8-19 at 4–11], this filing has no effect on the AEDPA statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run") (citation omitted).

2

Petitioner then filed his § 2254 petition herein on May 16, 2024 [Doc. 1 p. 15], which is more than three years after the AEDPA statute of limitations expired. Accordingly, Petitioner's § 2254 petition is untimely.

But the AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing his petition. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

In his petition, Petitioner asserts that the statute of limitations should not bar his petition because of "unforeseen circumstances" related to COVID-19, including the "world[]wide lockdown" and "restrictions impl[e]mented throughout State facilities," which he claims prevented him from having the "same" access to legal resources he otherwise would have had [Doc. 1 at 13–14]. Petitioner further states that he diligently filed this action as soon as possible in a manner that is consistent with the availability of vaccines and the lifting of pandemic restrictions [*Id.* at 14].

Also, in his response in opposition to Respondent's motion to dismiss, Petitioner (1) asserts that COVID-19 restrictions caused the law library at the facility where he was confined to be unavailable to him in a manner that prevented him from being able to timely draft his petition and (2) claims that this was an extraordinary circumstance that prevented him from timely filing his petition [Doc. 11 at 2–3, 4]. Petitioner further states that the post-conviction record establishes

3

that he filed his post-conviction petition as soon as he could after COVID-19 restrictions lifted and the library reopened [*Id.* at 3]. Petitioner then avers that claims four and five of his habeas corpus petition are based on newly discovered evidence and are therefore timely [*Id.* at 5].

The Court will address Petitioner's assertion that he is entitled to equitable tolling due to COVID-19 restrictions before addressing his argument that two of his claims are timely because they are based on newly discovered evidence.

    A.    **COVID-19 Restrictions**

Petitioner's allegations that he was subjected to various COVID-19 restrictions, including an inability to access the law library, during the time in which he could have timely filed a federal habeas corpus petition do not establish that Petitioner is entitled to equitable tolling of the AEDPA statute of limitations. Specifically, Petitioner does not (1) assert that he completely lacked access to legal resources during the relevant time period; (2) describe any efforts he made to obtain legal resources to assist him with drafting his habeas corpus petition during the relevant time period; or (3) explain how his lack of access to the law library prevented him from timely filing a habeas corpus petition. As such, Petitioner has not demonstrated that he diligently pursued his right to file a federal habeas corpus petition, but the COVID-19 restrictions prevented him from doing so. *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition.").

Accordingly, Petitioner has not demonstrated that COVID-19 restrictions entitle him to equitable tolling of the statute of limitations as to any of his claims.

4

### B. Newly Discovered Evidence

Petitioner also argues that claims four and five of his petition are timely because they arise from newly discovered evidence [*Id.* at 5]. And in his petition, Petitioner states that he only recently discovered the evidentiary basis for both these claims [Doc. 1 at 10, 16].

As set forth above, under 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one-year statute of limitations begins to run on the date on which the petitioner could have discovered the facts underlying the claims through the exercise of due diligence. Notably, however, none of Petitioner's filings specify when, how, or where he discovered the evidence on which he relies for claims four and five of his petition [*See*, *generally*, Docs. 1, 11]. And Petitioner's general allegation that he "recently" discovered the evidence underlying these claims is not sufficiently specific to demonstrate that he discovered that evidence less than a year before he filed his petition. But even if the Court assumes that Petitioner discovered the evidence underlying claims four and five of his petition less than a year before he filed his petition, nothing in Petitioner's filings demonstrates that he could not have discovered this evidence earlier through more diligent efforts. *Townsend v. Lafler*, 99 Fed. App'x 606, 608 (6th Cir. 2004) ("The question under [§ 2244(d)(1)(D)] is not when [the petitioner] first learned of the new evidence; it is when [the petitioner] should have learned of the new evidence had [he] exercised reasonable care." (citing *Owens v. Boyd*, 235 F.3d 356, 369 (7th Cir. 2000)).

As such, Petitioner has not set forth any facts from which the Court can find that claims four and five of his petition are timely under 28 U.S.C. § 2244(d)(1)(D).

### III. CONCLUSION

Accordingly, the Court will grant Respondent's motion to dismiss the petition [Doc. 9] and dismiss this action as time barred. The Court now must consider whether to issue a certificate of

appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

Accordingly, for the reasons set forth above:

1. Respondent's motion to dismiss the petition [Doc. 9] is **GRANTED**;

2. A COA will not issue;

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3); and

4. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

>*/s/ Charles E. Atchley, Jr.*
>**CHARLES E. ATCHLEY, JR.**
>**UNITED STATES DISTRICT JUDGE**